# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| NAVIGATORS MANAGEMENT, COMPANY, INC., as assignee of Peddinghaus Corporation, | )<br>)<br>) |
| Plaintiffs, | ) No. 15 C 8006 |
| v. | ) Magistrate Judge Jeffrey Cole |
| MICHAEL'S CARTAGE, INC., | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

### INTRODUCTION

This case began in the Circuit Court of Cook County, Illinois. The state court Complaint alleged Michael's Cartage Company, of Bradley, Illinois, was liable for damage to a metal fabricating machine that occurred when Michael's truck hit a bridge overpass on its way to drop off the machine at a Canadian Pacific Railroad terminal in Bensenville Illinois. [Dkt. #1, Ex. 1].[1] A Bill of Lading (No.269027), which "records that a carrier has received goods from the party that wishes to ship them, states the terms of carriage, and serves as evidence of the contract for carriage, *G & P Trucking Co., Inc. v. Zurich American Ins. Co.*, 123 F.Supp.3d 804 (D.S.C.2015), was attached as Exhibit A to the Complaint.[2] It reflected that the "Consignee" was "Challenger Overseas" "c/o CP [Canadian Pacific] Rail," in Bensenville IL. [Dkt. #1, Ex. 1, Ex. A].

---

[1] The plaintiff is an underwriter of insurance policies and had brought suit against Michael's Cartage as a subrogated insurer of the damaged cargo. [Dkt. #1-1 at ¶1].

[2] The Bill of Lading alleged that it was specifically and separately issued for the defendant's carriage of the machine.

The defendant filed a Notice of Removal, which alleged that the machine was to be transported by rail from Illinois to a port in Montreal, Canada and then shipped by an ocean carrier to its ultimate destination in Russia. [Dkt. #1 at 2, ¶5]. Removal jurisdiction was based on 28 U.S.C. §1331 (federal question jurisdiction), 49 U.S.C. §14706 (the 'Carmack Amendment'), and 28 U.S.C. §1445(b)(removal where Carmack Amendment claim exceeds $10,000). *Id*. at ¶4.[3] The Carmack Amendment subjects motor carriers to absolute liability for "actual loss or injury to property" when transporting cargo in interstate commerce. 49 U.S.C. § 14706(a)(1). The State law Complaint made no mention of the Carmack Amendment.

The Notice of Removal alleged that removal was proper when a federal statute (here, the Carmack Amendment) completely preempts the state law cause of action, even if pleaded in terms of state law. *Id.* at ¶8. Attached to the Notice was a "Through Bill Of Lading." A Through Bill of Lading covers both the ocean and inland portions of the transport in a single document. *Kawasaki Kisen Kaisha Ltd. v. Regal–Beloit Corp*., 561 U.S. 89, 94 (2010); *Norfolk So. Ry. Co. v. James N. Kirby, Pty. Ltd.*, 543 U.S. 14 (2004). The Through Bill of Lading showed the Consignee as the Solnechogorskiy Seal Structures Plant, LLC in Moscow, Russia. *See* Dkt. 18, Ex. A, pp. 2-3. It was offered by the defendant in support of its statement in the Notice of Removal that the machinery was to be transported by rail from Illinois to a port in Montreal, Canada, and then by "an ocean liner to its ultimate destination in Russia." *See* Dkt. #18 at 3, ¶8. The Through Bill of Lading did not name Michael's. It merely showed the "place of initial receipt" as Bradley.

Given a federal court's obligation to ensure that jurisdiction exists, *McCready v. White,* 417

---

[3] Neither the state court Complaint, nor the Bill of Lading attached to it as Exhibit A contained the word "Russia." Nor did it show the Consignee as the Solnechogorskiy Seal Structures Plant, LLC in Moscow. This was only apparent from a review of the Through Bill of Lading. *See* Dkt. 18, Ex. A, pp. 2-3.

F.3d 700, 702 (7th Cir.2005); *Wise v. Wachovia Securities, LLC,* 450 F.3d 265, 267 (7th Cir.2006); *Smoot v. Mazda Motors of America, Inc.*, 469 F.3d 675, 678 (7th Cir. 2006), I asked the parties to brief the issue of whether we had subject matter jurisdiction. They have done so. [*See* Dkt. #18, 20, 21].

**A**.

It is a commonplace that the plaintiff is generally considered the "master of his complaint," and thus may plead whichever causes of action it chooses. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987). Where potential remedies exist under both state and federal law, a plaintiff may choose to proceed only under state law and avoid federal court jurisdiction. *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987); *Carpenter v. Wichita Falls Independent School District,* 44 F.3d 362, 366 (5th Cir.1995). However, "if Congress 'so completely preempt[s] a particular area'" any civil complaint raising this select group of claims is necessarily federal in character. *Arana v. Ochsner Health Plan,* 338 F.3d 433, 437 (5th Cir.2003)(en banc), *cert. denied,* 540 U.S. 1104(2004)(citing *Metropolitan Life Insurance Company v. Taylor,* 481 U.S. 58, 63–64 (1987).

Equally unexceptional is the principle that the presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." It provides that federal jurisdiction exists only when a federal question either is presented on the face of the plaintiff's properly pleaded complaint, *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Lovern v. Gen. Motors Corp*., 121 F.3d 160, 162–63 (4th Cir.1997) or through a "subsequent paper," in the State court proceeding, such as an Answer, Amended Complaint, or discovery response, etc. *See Walker v. Trailer Transit, Inc*., 727 F.3d 819, 824 (7th Cir. 2013); *Akin v. Ashland Chem. Co*., 156 F.3d 1030, 1036 (10th Cir. 1998).

An exception to this rule is the "artful pleading" doctrine which prevents a plaintiff from avoiding federal jurisdiction by "artfully pleading" a state claim for what is essentially a federal claim. The artful pleading doctrine allows removal where federal law completely preempts a plaintiff's state-law claim. *Rivet*, 522 U.S. at 475; *Bastien v. AT&T Wireless Servs., Inc.*, 205 F.3d 983, 986 (7th Cir. 2000).[4] Out of respect for the limited jurisdiction of the federal courts and the rights of states, the removal statute should be strictly construed, and any doubts should be resolved against removability. *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002); *In re Methyl Tertiary Butyl Ether Prod. Liab. Litig.*, 488 F.3d 112, 124 (2nd Cir. 2007); *Her Majesty the Queen v. City of Detroit,* 874 F.2d 332, 339 (6th Cir.1989).

A plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 22 (1983); *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.,* 463 U.S. 1, 22 (1983); *Burda v. M. Ecker Co.,* 954 F.2d 434, 438 (7th Cir.1992); *Franciscan Skemp Healthcare, Inc. v. Central States Joint Bd. Health and Welfare Trust Fund*, 538 F.3d 594, 596-97 (7th Cir. 2008); 14A C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure: Jurisdiction 2d* § 3722 (1985).[5]

---

[4] Courts have recognized, however, that an expansive application of this doctrine would allow the artful pleading "exception" to swallow the well-pleaded complaint rule. *Hays v. Cave*, 446 F.3d 712, 713 (7th Cir. 2006); *Application of County Collector of County of Winnebago, Ill*., 96 F.3d 890, 896 (7th Cir.1996).

[5] In *Dougherty v. Cerra*, 987 F.Supp.2d 721, 730-31 (S.D.W.Va.2013), the court was faced with the use of deposition testimony given in discovery and offered as a basis for removal:

> "There is sparse authority on the subject, and the few cases to address the topic recommend that federal courts should rely on "other paper"[28 U.S.C. §1446] to ascertain federal question jurisdiction only when necessary to clarify an ambiguity in the plaintiff's pleading. *See Eggert*, 223 Fed.Appx. at 397–98. In *Peters v. Lincoln Electric Company*, for example, the Sixth Circuit looked to the contents of the plaintiff's deposition testimony to conclude that his complaint alleged claims preempted by the Employee Retirement Income Security

(continued...)

Since a plaintiff may not frame his action under state law and omit federal questions that are essential to recovery, a federal court may, in some situations, look beyond the plaintiff's characterization of a claim to determine whether the claim truly arises under federal law. *See, e.g., Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 397 n. 2 (1981). If a court concludes that a plaintiff has "artfully pleaded" claims in this fashion, it may uphold removal even though no federal question appears on the face of the plaintiff's complaint.

The parties do not dispute that the Carmack Amendment completely preempts the field of state or common law remedies for loss or damage to *interstate* shipments. *See N. Am. Van Lines, Inc. v. Pinkerton Sec. Sys., Inc.*, 89 F.3d 452, 456 (7th Cir. 1996); *Hughes v. United Van Lines, Inc.*, 829 F.2d 1407, 1415 (7th Cir. 1987); *REI Transport, Inc. v. C.H. Robinson Worldwide, Inc.,* 519 F.3d 693, 695 (7th Cir.2008). But the Plaintiff insists that it had the right to and did plead only a state law breach of contract/breach of duty claim. But that takes too narrow a view of that pleading which includes as Exhibit A, a bill of lading which is a part of the Complaint for all purposes under federal and state law. Fed.R.Civ.P. 10(c); *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 778 (7th

---

[5](...continued)
Act ("ERISA"). 285 F.3d 456, 469 (6th Cir. 2002). In *Peters*, the plaintiff brought a lawsuit against his former employer, Lincoln Electric Company, alleging age discrimination, breach of promises, detrimental reliance, and breach of public policy. *Id*. at 464. The complaint did not specify the nature of the "broken promises" for which the plaintiff sought redress. *Id*. at 466.At the plaintiff's deposition, he testified that he had sued Lincoln, in part, because it had breached a promise to continue his participation in its retirement plan—a plan subject to the enforcement provisions of ERISA. *Id.* at 466–67. Lincoln thereafter removed the action to federal court, citing the plaintiff's deposition testimony as an "other paper" which revealed that the plaintiff was pursuing claims preempted by ERISA. In evaluating the propriety of removal, the Sixth Circuit first noted that the "complete preemption exception" to the "well-pleaded complaint rule" applies to ERISA claims. *Id*. at 467–68. Because the deposition testimony clarified what was once ambiguous in the complaint—that is, that the plaintiff's "breach of promises" claim was in essence a claim to recover an ERISA plan benefit—the Sixth Circuit found that federal question jurisdiction existed." *Id*. at 469.

Cir. 2007); *Stonegate Properties, Inc. v. Piccolo*, 2016 WL 312084, at *4 (Ill.App. 1st Dist. 2016).

Exhibit A reflects that Michael's Cartage was transporting the machine to "CP Railway Chicago" in Bensenville, Illinois, for delivery to Challenger Overseas, whose business would certainly appear to be overseas shipping by sea and air. Without more, this would lead one to believe that this was not an merely an intrastate – or even a domestic – shipment. This is confirmed by the "Through Bill of Lading" the Defendant has attached to its Notice of Removal and which shows that the Consignee was the Solnechogorskiy Seal Structures Plant, LLC in Moscow, Russia. *See* Dkt. 18, Ex. A, pp. 2-3. This was offered by the defendant in support of its statement in the Notice of Removal that the machinery was to be transported by Michael's to" CP Rail Chicago" in Bensenville and then by rail from Illinois to a port in Montreal, Canada, and then by an ocean liner to its ultimate destination in Russia.

Although citing no authority that would permit consideration of evidence from the party seeking removal that was not a part of the state court record, the defendant insists that federal court may look to such evidence to ascertain whether a plaintiff has artfully plead his suit so as to couch a federal claim exclusively in terms of a state law claim, and that the Through Bill of Lading shows the plaintiff's "artful pleading" in stark relief. [Dkt.#1 at 2, ¶5; Dkt. #18 at 2, ¶4]. While inferentially objecting to this document, the plaintiff offers no authority that would prevent its usage. There is merely resort to the well pleaded complaint doctrine. And that is not enough.

"The federal courts have given the reference to 'other paper' in [28 U.S.C. §1446(b)(C)(3)] an embracive construction and have included a wide array of documents within its scope." 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3732

6

(3d ed. and Supp.2009).[6] But their permissiveness has not been limitless. Generally, "courts have interpreted the 'other paper' term … to apply to papers and documents filed in or involved in the state court from which removal is sought. *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 969 (8th Cir. 2007); *Holston v. Carolina Freight Carriers Corp.*, 936 F.2d 573 at *3 (6th Cir.1991). These have included pleadings, answers to interrogatories, a proposed jury instruction that provided first notice to defendant that the plaintiff sought to recover for federal securities fraud, and responses to deposition questioning. *Koolaire, LLC v. Cardinal Transport, Inc.*, 2010 WL 2541812, at *4 (N.D.Ohio 2010). But we have not discovered a case like this where the "other" or subsequent" paper is provided in the contested removal proceeding by the party seeking removal. But we need not decide whether the Through Bill of Lading can properly be considered here.

**B.**

The Bill of Lading attached to the state court Complaint as Exhibit A, which it must be remembered was a part of that document for all purposes, has sufficient information to allow the conclusion that this was an intermodal shipment of a machine from the United States by sea to an unidentified foreign port, with the first leg of the journey by truck owned by Michael's Cartage. An internet search shows that "CP Rail Chicago" is the Canadian Pacific Railroad's "Intermodal Terminal" on Franklin Avenue, in Bensenville, the address shown on the bill of lading under the term "destination." *See* www.terminalops.com/ locations/bensenville-illinois/. From there, the machine was to be taken by CP Rail Chicago to the designated "Consignee" "Challenger Overseas." Without going further, it is a reasonable, if not ineluctable, inference that the machine was ultimately

---

[6] Under this section a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of "an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable."

7

to be transported by sea or air in international commerce. An internet search confirms this common sense conclusion as well. Challenger Overseas is a Limited Liability Company, in Eatontown, NJ, engaged in the business of intermodal "worldwide container transport" by ocean and air. http://www.challengeroverseas.com/.[7]

The question then is whether the Carmack Amendment applies in this case, which involves an intermodal shipment from Illinois to Russia by sea. Michael's Cartage has the burden of demonstrating federal jurisdiction. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447 (7th Cir. 2005)("Whichever side chooses federal court must establish jurisdiction; it is not enough to file a pleading and leave it to the court or the adverse party to negate jurisdiction."). To sustain that burden, the defendant relies on two cases that it claims hold that "[t]he Carmack Amendment reaches claims for losses due to transportation by a motor carrier between a place in the United States and a place in a foreign country to the extent transportation is in the United States." (Dkt. #18, at 3). The first case, *Canon USA v. Nippon Liner Sys.*, 1992 WL 82509 (N.D.Ill. 1992), dealt with an intermodal *import* of goods from Japan to Illinois – not an *export*, as is the case here. Moreover, *Canon* is an old case, and must be assessed against the recent Supreme Court case holding that the Carmack Amendment did *not* apply to an intermodal import of goods. *See Kawasaki Kisen Kaisha Ltd. v. Regal Beloit Corp.*, 561 U.S. 89, 103 (2010).

*Kawasaki* held that the Carmack Amendment does not apply when the goods were "received at an overseas location under a through bill that covers the transport into an inland location in the

---

[7] In the context of this case, review of the companies' internet websites to confirm what seems apparent on the face of the bill of lading is perfectly appropriate. *See generally*, *Rowe v. Gibson*, 798 F.3d 622 (7th Cir. 2015); *United States v. Bari*, 599 F.3d 176, 179–80 (2d Cir.2010); *Thurman v. Bun Bun Music*, 2015 WL 2168134, at *10 (S.D.N.Y.2015. *See* the discussion and cases collected in Jeffrey Cole, *Admissibility of Internet Evidence*, The Circuit Rider, 22 (May 2015).

United States." The other opinion is even older than *Canon USA* and also covers, not an export, but an import. *Swift Textiles, Inc. v. Watkins Motor Lines*, *Inc.*, 799 F.2d 697, 701 (11th Cir. 1986). And like *Canon*, it doesn't hold up in the face of the Supreme Court's determination that when goods are received at an overseas location for transport to the United States, the Carmack Amendment doesn't apply. No attempt is made by Michael's to distinguish these cases from *Kawasaki*, and, in fact, even arguing in its reply brief that *Canon* and *Swift Textiles* rule the day.[8]

Equally perplexing is the defendant's reply brief which ignored two appellate court cases decided after *Kawasaki* – one of which the plaintiff cited in its response brief. Both cases held that, under *Kawasaki's* reasoning, Carmack does not apply to the inland legs of intermodal exports. *See CNA Insurance Co. v. Hyundai Merchant Marine Co.*, 747 F.3d 339, 369-70 (6th Cir. 2014); *Royal & Sun All. Ins., PLC v. Ocean World Lines, Inc.*, 612 F.3d 138, 144 (2nd Cir. 2010). That omission is significant, for failure to respond in a reply brief to an argument raised in a response brief is generally deemed to be a waiver of the point or a concession. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010); *United States v. Vrdolyak*, 593 F.3d 676, 691 (7th Cir.2010); *United States v. Farris*, 532 F.3d 615, 619 (7th Cir. 2008); *Williams v. REP Corp.,* 302 F.3d 660, 667 (7th Cir. 2002).

---

[8] In arguing that the Carmack Amendment does not apply here, the plaintiff says *Kawasaki* held that "the Carmack Amendment does not apply to inland road or rail leg of an intermodal overseas shipment of goods (import or export) transported under a through bill of lading." (Dkt. # 20, at 2)(parenthesis in original). But, as already noted, *Kawasaki* held that the Carmack Amendment did not apply when the goods were "received at an overseas location under a through bill that covers the transport into an inland location in the United States." *Kawasaki*, 561 U.S. at 103. That is because, "[i]n such a case, there is no receiving rail carrier that "receives" the property 'for [domestic rail] transportation,' [49 USC] § 11706(a)." *Id.* Contrary to the plaintiff's reading of the opinion as covering "import or export," *Kawasaki specifically* said that its holding "need not address the instance where goods are received at a point in the United States for export." 561 U.S. at 103 (emphasis supplied). The machine in this case was received by Michael's Cartage in Bradley, Illinois – not at an overseas location – for domestic transportation to Bensenville, Illinois as part of an export to Russia – the situation *Kawasaki* declined to decide.

In its reply brief, the defendant raised for the first time the prospect of removal based on admiralty jurisdiction. Arguments raised for the first time in a reply brief are generally deemed waived, *Billhartz v. C.I.R.*, 794 F.3d 794, 801 n.4 (7th Cir. 2015); *TAS Distrib. Co., Inc. v. Cummins Engine Co., Inc.,* 491 F.3d 625, 630 (7th Cir. 2007). And at any rate, the defendant abandoned the argument at the hearing on this motion. Moreover, admiralty jurisdiction would involve COGSA, which is specified in the first line of the Through Bill of Lading.[9] But neither party raises any argument about the effect, if any, of COGSA on this case.

In sum, the defendant has not met its burden of establishing federal jurisdiction, and therefore we cannot exercise jurisdiction over this removed lawsuit, even if both parties wanted us to. *See Wisconsin Knife Works v. Nat'l Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986)("Because federal judges are not subject to direct check by any other branch of government—because the only restraint on our exercise of power is self-restraint—we must make every reasonable effort to confine ourselves to the exercise of those powers that the Constitution and Congress have given us.").

## CONCLUSION

For the foregoing reasons, this case is remanded to the Circuit Court of Cook County.

**ENTERED:** _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 3/24/16

---

[9] The Bill of Lading is captioned "Combined Transport Bill of Lading." [Dkt. #18-1 at 4].